FILED & JUDGMENT ENTERED
Steven T. Salata

Feb 03 2015

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

LANGTREE VENTURES MOB, LLC              CASE NO. 14-50601
EIN 38-3898214                                        (Chapter 11)

    Debtor.

ORDER (1) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE
SALE OF ASSETS; (2) AUTHORIZING AND SCHEDULING THE SALE OF ASSETS
BY PUBLIC AUCTION IN OPEN COURT; (3) AUTHORIZING THE SALE OF ASSETS
FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS,
INTERESTS AND ENCUMBRANCES TO TRANSFER TO PROCEEDS OF SALE; (4)
PROVIDING FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; (5) APPROVING THE FORM AND
MANNER OF NOTICE OF THE PROPOSED SALE AND PROCEDURE; AND (6)
GRANTING RELATED RELIEF

    THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, in open Court on January 28, 2015 upon the Trustee's Motions for the matters set forth in the title hereto and the Conditional Objection thereto filed by MyEyeDr. Optometry of North Carolina, PLLC and it appearing to the Court that there has been adequate Notice and a Hearing of this matter as that term is defined in the Bankruptcy Code and the Rules of Bankruptcy Procedure.  Present at the hearing were Edward P. Bowers, Trustee, Wayne Sigmon, attorney for the Trustee, Constance L. Young, attorney for Jefferies LoanCore LLC, John Culver, attorney for Howard S. Kosofsky, R. Keith Johnson, attorney for HBK Medical, LLC, Paul Rosenblatt, attorney for Hale Partnership Capital Management, LLC, and C. Richard Rayburn, attorney for MyEyeDr. Optometry of North Carolina, PLLC.  From statements of counsel as well as the entire record, the Court makes the following.

## FINDINGS OF FACT

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(1). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. An Involuntary Petition under Chapter 11 of the Bankruptcy Code was filed against Langtree Ventures MOB, LLC (the "Debtor") on August 22, 2014. An Order for Relief under Chapter 11 was entered by this Court (the "Bankruptcy Court") on September 10, 2014.

3. On November 3, 2014 the Bankruptcy Court entered an Order appointing the Trustee effective as of October 24, 2014.

4. Since on or about October 24, 2014 the Trustee has operated the business of the Debtor.

5. The Debtor owns real property at 1928 Randolph Road, 1946 Randolph Road, 1960 Randolph Road, and 2115 East Seventh Street, Charlotte, North Carolina (the "Real Property").

6. The Debtor's business is to lease the Real Property to commercial tenants and to act as landlord.

7. The Trustee has entered into an Asset Purchase Agreement (the "Agreement") as Seller with Hale Partnership Capital Management, LLC, a North Carolina limited liability company ("Hale") as Purchaser, a true copy of which was attached to the Motions and incorporated therein as Exhibit "A".

8. In the Agreement, the Trustee agrees to sell to Hale and Hale agrees to purchase the Real Property and related assets set forth in Section 1.1 thereof (the "Assets").

9. Jefferies LoanCore LLC ("Lender") claims a first lien security interest in the Assets. Lender consents to the sale of the Assets and the procedures proposed by the Trustee.

10. The Agreement provides in part that:

    (a) Hale will pay the Trustee at closing cash or cash equivalent of $8,800,000.00 (the "Purchase Price") to purchase the Assets; and

    (b) Within three business days after full execution of the Agreement, Hale will pay into trust the sum of $200,000.00 (the "Deposit"); and

    (c) The Trustee shall convey the Assets to Hale at closing by bankruptcy

        trustee's non-warranty deed; and

  (d)    The sale of the Assets to Hale is essentially "as is, where is"; and

  (e)    The Assets are to be sold free and clear of liens, interests, and encumbrances which shall transfer to the proceeds of sale.

11. The Trustee requests that at the conclusion of the auction as discussed below, the Court approve the sale of the Assets to the holder of the highest and best bid.

12. The Trustee requests that any order entered authorizing him to sell the Assets include the following:

  (a)    that the sale is free and clear of liens, interests and encumbrances which shall transfer to the proceeds; and

  (b)    that the Assets are sold "as is, where is" with no warranties; and

  (c)    finding that the holder of the highest and best bid is a good faith purchaser pursuant to 11 U.S.C. §363(m); and

  (d)    that the proceeds of sale are subject to the liens of Lender; and

  (e)    that Lender shall be allowed to credit bid at the auction in accordance with 11 U.S.C. §363(k) up to the amount of its principal and interest due at the date of closing but any such credit bid shall not include any prepayment fee, defeasance fee, or other similar fee or charge except to the extent that any such fees or charges become part of the Lender's allowed secured claim. Further, any credit bid of Lender must include a cash component sufficient to pay the $150,000.00 break up fee due to Hale as more particularly described in paragraph 19 hereof, any costs of sale due from the Seller to third parties, and any other allowed administrative claims under Section 503 of the Bankruptcy Code.

13. There are errors in the dates set forth in sections 10.1 and 10.2 of the Agreement. In paragraph 10.1(d) the date stated of March 1, 2015 should be stricken and substituted therefor should be April 1, 2015. In paragraph 10.2(ii) the date stated therein of March 15, 2015 should be stricken and substituted therefore should be April 15, 2015 as the "Back-Up-Bid Deadline". Also in paragraph 10.2 the date stated therein of March 1, 2015 in which the purchaser shall have the right to terminate the Agreement if the Auction does not commence by said date should be stricken and substituted therefore should April 1, 2015. Other than these changes, the Agreement as attached to the Motion remains as written.

14. The Agreement will be tested in the marketplace by the scheduling of an auction

        sale to be held in this Court which will afford qualified potential purchasers an opportunity to purchase the Assets.

15. The auction sale of the Assets should be held in this Court, Judge Beyer's Courtroom, 401 West Trade Street, Charlotte, North Carolina on March 17, 2015 at 9:30 o'clock a.m.

16. Attached to the Agreement as Exhibit "B" are Bidding Procedures.

17. The Bidding Procedures require that any bidder wishing to purchase the Assets at the auction must, among other things, sign a definitive asset purchase agreement with, at a minimum, the following requirements:

    (i) having substantially identical terms and conditions as the Agreement except with higher and better consideration;

    (ii) containing terms and conditions otherwise no less favorable to the estate than the terms and conditions contained in the Agreement; and

    (iii) provide for a cash purchase price greater than the sum stated in the Agreement by not less than the $150,000.00 break up fee plus the $50,000.00 minimum overbid (i.e., $8,800,000.00 plus $150,000.00 plus $50,000.00 which equals at least $9,000,000.00); and

    (iv) not be subject to any financing contingencies, contingencies relating to the completion of unperformed due diligence or contingency related to the approval of any person; and

    (v) provide that the holder of the highest and best bid shall purchase all of the Assets; and

    (vi) provide that the bid of the highest and best bidder is irrevocable; and

    (vii) provide that the holder of the highest and best bid shall forfeit its deposit in the event it fails to purchase the Assets in accordance with such bids; and

    (viii) otherwise comply in all material respects with the Agreement.

18. The Bidding Procedures set forth procedures for orderly competitive bidding for the sale of the Assets and should be approved.

19. The Agreement provides in Section 1.4(b)(i) for a Break-Up Fee of $150,000.00 to be paid from the sale proceeds to Hale at closing as an allowed administrative claim under Section 503 of the Bankruptcy Code in the event the Assets are sold to a purchaser other than Hale.

20. By separate Order, the Trustee is authorized to enter into the Agreement which provides for the Break-Up Fee to Hale.

21. The Agreement provides that the leases for space within the Improvements, which leases are described on Schedule 1.1(a) thereof (collectively, the "Leases" and each a "Lease") are to be assumed by the Trustee and assigned to Hale at the Closing. The Trustee shall be responsible for any cures or other payments or actions required to assume and assign the Leases to Hale and shall fulfill such obligation at Closing.

22. As required by Bankruptcy Rule 6006, the Trustee shall file individual motions to assume and assign each of the Leases and a hearing upon said motion shall be held in this Court at the March 17, 2015 hearing date in conjunction with other matters to be heard on that date.

23. The Bidding Procedures require that to qualify to participate in the auction, a bidder must deliver to the Trustee a statement of intent to bid on or before the Bid Submission Deadline as set forth therein.

24. Paragraph 1.3(a) of the Agreement gives a Qualified Purchaser until the Bid Submission Deadline to elect to "Assume" or "Reject" any executory contract.

25. Prior to the anticipated March 17, 2015 auction and hearing date, the Trustee will file herein motions to assume or reject the executory contracts so designated by Hale and listed on Schedule 1.1(a) of the Agreement. These motions should be heard in this Court on March 17, 2015. Should Hale or the party submitting the highest and best bid designate treatment of any executory contract in a manner different from that stated on Schedule 1.1(a) of the Agreement, the Trustee shall thereupon amend his motion to assume or reject as to said executory contract. The Trustee shall give notice of any such amendment to the motion to assume or reject any executory contract to the affected party immediately after the Bid Submission Deadline.

26. Pursuant to Paragraph 1.3(a) of the Agreement, the Trustee agrees, pursuant to Section 365 of the Bankruptcy Code, to assume and then to sell, assign, transfer and convey to Hale all executory contracts included and designated as "Assume" on Schedule 1.1(a) of the Agreement. Any contracts not listed as "Assume", designated as "Reject", or not included in Schedule 1.1(a) are Excluded Assets.

27. Pursuant to the Agreement the Trustee shall use his best efforts to assume and

assign executory contracts to Hale and any Sale Order shall so provide. The Sale Order shall provide that the Trustee pay all cures or other payments required to assume and assign.

28. The Trustee's proposed treatment of executory contracts and unexpired leases should be approved.

29. The notice of the Agreement, the proposed auction sale, the Bidding Procedures and the related matters discussed herein was filed and mailed by first class mail to all parties in interest concurrently with the filing of the Trustee's Motion (the "Notice").

30. The Notice should be approved as to the content thereof and the manner of service thereof being adequate and appropriate under the Bankruptcy Code and the Bankruptcy Rules.

31. MyEyeDr. Optometry of North Carolina, PLLC filed a conditional objection herein objecting only in the event that the Trustee changes the proposed treatment of Leases. Said objection shall be deemed to be continuing and shall be readdressed in the event that the Trustee changes his current position that he will assume and assign all Leases. MyEyeDr. Optometry of North Carolina, PLLC supports the other matters and things requested by the Trustee.

**CONCLUSIONS OF LAW**

An order should be entered approving the Bidding Procedures in connection with the sale of the Assets, authorizing and scheduling the sale of the Assets by public auction in open court; authorizing the sale of the Assets free and clear of liens, interests, and encumbrances and with liens, interests, and encumbrances to transfer to the proceeds of sale; providing for the assumption and assignment of executory contracts and unexpired Leases; and approving the form and manner of Notice of the proposed sale and procedures; and granting related relief.

IT IS THEREFORE ORDERED as follows:

1. That the form and content of the Asset Purchase Agreement be, and it hereby is, approved subject to the modifications to sections 10.1 and 10.2 thereof as set forth herein; and

2. That the Trustee be, and he hereby is, authorized to enter into the Asset Purchase Agreement with the modifications set forth herein; and

3. That the Bidding Procedures in connection with the sale of the Assets be, and they hereby are, approved; and

4. That the Trustee be, and he hereby is, authorized to sell the Assets by pubic

        auction in open court on March 17, 2015 at 9:30 o'clock a.m. under the terms and conditions set forth in the Asset Purchase Agreement and Bidding Procedures; and

5. That the Assets are being sold "as is, where is" with no warranties and shall be conveyed by a bankruptcy trustee's non-warranty deed; and

6. That the sale of the Assets be free and clear of liens, interests, and encumbrances with liens, interests and encumbrances transferring to the proceeds of sale; and

7. That the Trustee's proposed procedure for the assumption or rejection of executory contracts and the assumption and assignment of the Leases be, and it hereby is, approved; and

8. That the form and manner of service of Notice provided to creditors and parties in interest herein be, and it hereby is, deemed appropriate and approved; and

9. That at the March 17, 2015 hearing evidence shall be presented sufficient to allow the Court to make a finding of whether or not the holder of the highest and best bid is a good faith purchaser pursuant to 11 U.S.C. §363(m); and

10. That Lender shall be allowed to credit bid at the auction in accordance with 11 U.S.C. §363(k) up to the amount of its principal and interest due at the date of closing but any such credit bid shall not include any prepayment fee, defeasance fee, or other similar fee or charge except to the extent that any such fees or charges become part of the Lender's allowed secured claim. Further, any credit bid of Lender must include a cash component sufficient to pay the $150,000.00 break up fee due to Hale as more particularly described in paragraph 19 hereof, any costs of sale due from the Seller to third parties, and any other allowed administrative claims under Section 503 of the Bankruptcy Code.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

                                            United States Bankruptcy Court